John Loren KEGEL, Petitioner—
Appellant,

v.

Frankie Sue DEL PAPA; Craig
Farwell, Respondents—
Appellees.

No. 04–16630.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 2005.

Decided Aug. 19, 2005.

Linda Marie Bell, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

David K. Neidert, Esq., AGNV—Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

Before: PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

MEMORANDUM *

John Loren Kegel appeals the district court's denial of his habeas petition. Kegel challenges his murder conviction by guilty plea on the ground that he received

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ineffective assistance of counsel because his attorneys failed to (1) advise him prior to the entry of his plea that the prosecution was not going to pursue the death penalty, and (2) advise him of the possibility of voluntary intoxication as a defense to first degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2254, and we affirm.

Because he pled guilty, Kegel can only raise a constitutional claim to support his assertion that his plea was not knowing and voluntary. *See Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). To prevail on this claim, Kegel must meet the requirements set out in *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Kegel must establish (a) that his attorneys' representation was outside the wide range of professionally competent assistance, and (b) that he was prejudiced by reason of his attorneys' deficient representation. *Strickland*, 466 U.S. at 687–88, 694, 104 S.Ct. 2052. To demonstrate prejudice where the defendant has pled guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. 366.

■ Kegel first argues that his attorneys' performance was deficient because they failed to inform him that the prosecution decided not to seek the death penalty in his case prior to him entering a guilty plea. According to Kegel, this failure lead him to believe that he could face the death penalty if he went to trial and thus, caused him to plead guilty to first degree murder with the use of a deadly weapon. He argues that the state court's finding that attorney "Hall testified credibly that, long before the plea negotiations were entered

into, he learned that the State would not seek the death penalty against Kegel, and he communicated this information directly to Kegel" was an unreasonable determination of the facts. We disagree.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), habeas relief may not be granted unless the state court ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). A state court's factual findings are presumed correct and the petitioner has the burden of rebutting them with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Although the state court's finding arguably overstates the evidence that Hall directly told Kegel about the death penalty, under the deferential standard of AEDPA, it is not an unreasonable determination of the facts. Defense counsel Hall consistently testified that he was sure that Kegel knew that the death penalty was not a possibility, and that the death penalty was not even mentioned in the attorneys' recommendation that Kegel plead guilty. Kegel has presented no clear and convincing evidence, as is his burden, that he was not told by any of his defense counsel that the death penalty was not a possibility. Certainly, he presented no clear and convincing evidence that he decided to plead guilty for fear of the death penalty if he went to trial.

■ Kegel further argues that his representation was ineffective because his defense attorneys failed to advise him of the possibility of a voluntary intoxication defense. The record belies Kegel's allegation. To meet the first part of the *Strickland* test, a "defendant must overcome the presumption that, under the circum-

stances, the challenged action 'might be considered sound trial strategy.'" *United States v. Bosch,* 914 F.2d 1239, 1244 (9th Cir.1990) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052). Attorney Hall testified during the evidentiary hearing that Kegel's defense counsel discussed with Kegel the possibility of raising a voluntary intoxication defense at great length on numerous occasions and that there were significant flaws in this defense. The state court found Hall's testimony credible and we must presume this factual determination is correct unless Kegel rebuts this presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Kegel has not met this burden. Given the weaknesses in the voluntary intoxication defense, his attorneys' strategic choice not to pursue that defense was reasonable, and does not constitute an action outside the range of professionally competent assistance. *See Strickland,* 466 U.S. at 690, 104 S.Ct. 2052 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

AFFIRMED.